# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 (212) 225 2508
cboccuzi@cgsh.com

VICTOR I. LEWKOW
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
YARON Z. REICH
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW

FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE

DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
  RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
  RESIDENT COUNSEL

LOUISE M. PARENT
  OF COUNSEL

May 10, 2019

**BY ECF**
Honorable Loretta A. Preska
United States District Court for
   the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Colella v. Republic of Argentina*, No. 04 Civ. 2710 (LAP) ("*Colella*")
      *Rigueiro v. Republic of Argentina*, No. 05 Civ. 3089 (LAP) ("*Rigueiro*")

Dear Judge Preska:

This firm represents the Republic of Argentina (the "Republic") in the above-referenced cases. We write as part of ongoing efforts to take the steps necessary to dismiss all cases involving claims that have been settled or are otherwise ready for dismissal in order to relieve congestion of the Court's docket and achieve the orderly and expeditious disposition of cases. Here, it appears that the remaining plaintiffs in the above-captioned cases—Michele Colella and Denise Dussault—may not hold the bonds. As to the bonds at issue in *Colella*, the parties entered into a settlement agreement, which plaintiffs breached by failing to deliver the bonds. In the settlement agreement, plaintiffs did not list the *Rigueiro* bonds among their holdings, which may suggest that they also do not hold those bonds. Accordingly, we respectfully request that the Court enter an order to show cause whether plaintiffs hold the bonds, and if plaintiffs fail to make such a showing, that the Court dismiss the above-referenced cases.

Plaintiffs Michele Colella and Denise Dussault filed the *Colella* case in 2004 and a judgment was entered in 2006. In July 2016, the parties entered into an agreement to settle plaintiffs' claims, which required that, in consideration for the settlement payment of approximately $7.6 million, plaintiffs deliver the bonds to the Republic at latest within 150 days of execution of the settlement agreement (*i.e.*, by December 2016). *See* Master Settlement

Hon. Loretta Preska, p. 2

Agreement ¶ 3(ii) (Ex. A).[1] Plaintiffs, however, failed to make the bonds available for delivery. To date, though the Republic has repeatedly communicated to plaintiffs that the settlement funds were ready to be transferred, plaintiffs have not delivered the bonds, which suggests that plaintiffs do not hold the bonds.[2]

Plaintiffs also brought a claim in the *Rigueiro* action. *Rigueiro* was filed in 2005 and an amended judgment was entered in 2007. Upon information and belief, all of the other claims in *Rigueiro* appear to have been resolved. This Court has dismissed cases and ordered satisfaction of judgments where plaintiffs have settled, sold, or otherwise disposed of their bonds. *See, e.g.,* Order of Satisfaction of Judgment and Dismissal, *Ritoper v. Republic of Argentina*, No. 07 Civ. 6426 (LAP) (S.D.N.Y. July 24, 2018), ECF No. 17. Accordingly, if plaintiffs do not hold their bonds, *Rigueiro* could also be dismissed.

For these reasons, the Republic respectfully encloses proposed orders directing plaintiffs to report to the Court whether they hold the bonds. *See also* Judgment ¶ 3, *Colella* (May 31, 2006), ECF No. 23 ("Plaintiffs must refrain from selling or otherwise transferring . . . the bonds involved in this action, without advising the Court in advance and obtaining permission of the Court"). If plaintiffs do not hold the bonds, the Republic would request that the Court dismiss these cases and order satisfaction of the judgments.

Respectfully,

Carmine D. Boccuzzi, Jr.

cc:  Jessica Sleater (via ECF)
     Michael Spencer (via ECF)

---

[1] Exhibit A is a copy of the Master Settlement Agreement with personal information redacted.

[2] Indeed, the *Colella* plaintiffs' original counsel withdrew from representation stating that plaintiffs' conduct had been "wrongful" and "perhaps fraudulent," which further raises doubts as to whether plaintiffs hold the bonds. *See* Transcript of Hearing at 3:19-4:6, *Colella* (Sept. 19, 2011), ECF No. 46 (enclosed as Exhibit B).